USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 5-23-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LARRY MARSHAK,

                      Plaintiff,

- against -

RICK SHEPPARD ET AL.,

                      Defendants.

86-cv-9960 (JGK)

OPINION AND ORDER

---

JOHN G. KOELTL, District Judge:

The defendant, Rick Sheppard, has filed a motion to vacate an injunction issued by this Court on August 26, 1987, after the Court found that the defendant had infringed upon a valid service mark registered to the plaintiff, Larry Marshak.[1] See Marshak v. Sheppard, 666 F. Supp. 590 (S.D.N.Y. 1987). Sheppard moves under Federal Rule of Civil Procedure 60(b)(6) and, alternatively, Rule 60(d)(3). For the reasons explained below, Sheppard's motion is **denied**.

I.

More than thirty years ago, Marshak brought suit against Sheppard and others for, among other things, infringing a United States service mark registered to Marshak ("the Mark") for use of the name "The Drifters" for entertainment services. Marshak, 666 F. Supp. at 592. In that proceeding, Sheppard argued that

---

[1] The injunction and underlying decision were issued by Judge Milton Pollack.

1

the Mark was procured fraudulently because, when Marshak's assignors applied for the Mark, they falsely represented to the Patent and Trademark Office ("PTO") that no other party had the right to use the Mark. Id. at 598. Sheppard contended that Marshak's assignors knew that another individual, Faye Treadwell, managed a group using the name "Drifters," and that several former Drifters members had also performed with groups that used the name "Drifters." Id. After holding a bench trial, the Court rejected Sheppard's argument and held that Sheppard willfully and deliberately infringed upon the Mark. Id. at 604. The Court permanently enjoined Sheppard, and those in privy with Sheppard, from using the word "Drifters" for performing musical services, or from using any other designation that colorably imitates the Mark. Sheppard's Ex. C.

In 1995, Marshak filed suit against Faye Treadwell in the District of New Jersey alleging that she had infringed upon the Mark. Marshak v. Treadwell, 58 F. Supp. 2d 551, 553 (D.N.J. 1999). Like Sheppard, Treadwell alleged that Marshak defrauded the PTO when applying for the Mark. Id. at 554. Treadwell also filed a trademark infringement counterclaim, arguing that she was the true owner of the "Drifters" mark. Id. The Court held a jury trial and the jury determined that Marshak's registration of the Mark had indeed been obtained by fraud, that Treadwell was the true owner of the Mark, but that Treadwell had abandoned

2

the Mark and Marshak had acquired common law trademark rights to the Mark. Id. at 556, 573.

The parties filed posttrial motions, and the district court held that the jury properly found that Marshak obtained the Mark by fraud but set aside the jury's finding of abandonment by Treadwell, thus making Treadwell the rightful owner of the "Drifters" mark. Id. at 576. This holding was affirmed on appeal. Marshak v. Treadwell, 240 F.3d 184 (3d Cir. 2001). The district court also ordered that the PTO cancel the Mark and permanently enjoined Marshak from using the "Drifters" mark. See id. at 189-90 (recounting these orders). These orders were also affirmed on appeal. Id. On January 24, 2017, Treadwell and Marshak reached an agreement whereby the District of New Jersey court's permanent injunction was vacated, allowing Marshak to use the "Drifters" mark. See Marshak Decl. ¶¶ 6-8 & Exs. 2-4.

On October 4, 2018, Sheppard filed this motion to vacate the permanent injunction against him that had been entered in this Court over thirty years ago. Sheppard alleges that Marshak has interfered with Sheppard's business opportunities by threatening to sue concert promoters or producers for promoting Sheppard's performances under the Drifters' name. Preston Decl. ¶ 10. According to Sheppard, these threats have caused at least two of his potential performances to be canceled – a January 2017 performance at a showcase produced by the Association of

3

Performing Arts Professionals at the Hilton Hotel in New York City and a June 2017 New Jersey concert.[2] Id. ¶¶ 11-13 & Ex. D. Sheppard adds that in threatening to sue, Marshak has cited this Court's 1987 decision. Id. ¶ 14 & Ex. E.

Sheppard moves to vacate the injunction against him on two grounds. He asserts that the Court should vacate the injunction pursuant to the catch-all provision in Federal Rule of Civil Procedure 60(b)(6) or, alternatively, under Rule 60(d)(3), which provides that a court can set aside a judgment for fraud on the court. Marshak argues that Sheppard's motion is untimely and does not implicate the extraordinary circumstances necessary to vacate the injunction under Rule 60(b)(6). Marshak also argues that Sheppard has presented no evidence of fraud on this Court for purposes of Rule 60(d)(3). Marshak adds that Sheppard has consistently violated the Court's injunction and thus Sheppard's unclean hands prevent him from obtaining the relief he seeks. See, e.g., Marshak Decl. Ex. 5. Marshak's arguments are persuasive.

---

[2] Sheppard also alleges that Marshak threatened a concert promoter in connection with a show Sheppard was scheduled to perform in California in October 2017, but Sheppard does not state whether his performance was canceled after the threat. See Preston Decl. ¶ 14 & Ex. E.

**II.**

**A.**

Under Rule 60(b)(6), a motion to vacate a judgment may be granted "for any other reason justifying relief." This catch-all provision, however, should be invoked only when there are "extraordinary circumstances" that "work an extreme and undue hardship." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986). Moreover, "a motion under Rule 60(b)(6), like motions under all parts of the Rule, must be made within a reasonable time." Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (quotation marks omitted); see Fed. R. Civ. P. 60(c)(1). And equitable considerations, such as unclean hands, factor into whether to grant a Rule 60(b)(6) motion. See Sony Corp. v. S.W.I. Trading, Inc., 104 F.R.D. 535, 541 (S.D.N.Y. 1985) ("[D]efendant cannot avail himself of the equitable considerations governing the application of [Rule] 60(b)(6) because of his unclean hands, both in violating plaintiffs' trademark and in violating the settlement agreement with plaintiffs not to infringe the . . . trademark.").

In this case, Sheppard brings a Rule 60(b)(6) motion more than thirty years after the injunction that he seeks to vacate was issued. He provides two unconvincing excuses for the delay. First, Sheppard "believes" that he did not learn of the Treadwell case finding the Mark invalid until sometime "within

5

the last five years." Preston Reply Decl. ¶ 20. Second, he contends that he did not previously bring this motion because it was only recently that Marshak began enforcing the injunction by threatening to sue individuals with whom Sheppard contracted.

Sheppard's single, summary contention that he "believes" that he did not learn of the Treadwell case until sometime within the last five years is not persuasive evidence of that fact, and in any event five years is not a reasonable time to wait to bring a Rule 60(b)(6) motion. See Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time [under Rule 60(b)(6)]."); Truskoski, 60 F.3d at 77 (holding that seventeen months was not a reasonable time under Rule 60(b)(6)). Moreover, Sheppard's second argument boils down to this: he could violate the injunction at will until recently, and therefore he did not need to bring this motion. This argument is untenable and, if anything, highlights Sheppard's unclean hands, which weighs against granting his motion. Similarly, the "extreme and undue hardship" Sheppard claims to be suffering because of the injunction is that he cannot gain business by violating the injunction and wrongfully using the Drifters' name. In sum, Sheppard's Rule 60(b)(6) theory is unpersuasive.

**B.**

Sheppard's alternative Rule 60(d)(3) theory is also unpersuasive. Rule 60(d)(3) permits a court to "set aside a judgment for fraud on the court." "Fraud on the court is fraud which seriously affects the integrity of the normal process of adjudication." Transaero, Inc. v. La Fuerza Area Boliviana, 24 F.3d 457, 460 (2d Cir.), on reh'g in part sub nom. Transaero, Inc. v. La Fuerza Aerea Boliviana, 38 F.3d 648 (2d Cir. 1994) (quotation marks omitted). The concept "embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Kupferman v. Consol. Research & Mfg. Corp., 459 F.2d 1072, 1078 (2d Cir. 1972) (quotation marks omitted).

Sheppard provides no evidence of fraud on the Court itself. Rather, he argues only that Marshak made allegedly fraudulent representations to the PTO, and that this Court in turn relied upon those representations. In this case, Judge Pollack carefully considered the relationship of Marshak, a manager of "The Drifters"; George Treadwell, another manager of the group who was succeeded by his widow, Faye Treadwell; and Sheppard, a former performer with the group. Judge Pollack specifically found that the representation by Marshak's assignors to the PTO

7

that no other group had the right to use the Mark was not a willful, material misstatement because, among other reasons, the group managed by Faye Treadwell had performed largely outside the United States. That Treadwell lacked any right to use the Mark receives some support from the jury verdict in the Treadwell case which, although vacated by the district court, found that Treadwell had abandoned use of the Mark. Judge Pollack also relied on a prior decision by Judge Weinfeld which had similarly upheld Marshak's use of the Mark over objections that the trademark application contained false statements as to Marshak's exclusive and continuous use of the Mark. Marshak, 666 F. Supp. at 595-96 (citing Marshak v. Green, 505 F. Supp. 1054, 1058 (S.D.N.Y. 1981)). The fact that the Treadwell court found that Faye Treadwell had the right to the Mark at the time Marshak applied for a registration for the Mark in no way indicates that the representations to this Court, which were thoroughly vetted, were material misrepresentations to the Court.[3]

In any event, allegedly false representations made to the PTO are not tantamount to defrauding the Court. See Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp., 12 F.3d

---

[3] Sheppard submitted an affidavit in this action in August 1987 in which he claimed that he did not have rights in the name "The Drifters" used alone, but that Faye Treadwell never abandoned the name "The Drifters." Marshak Decl. Ex. 1.

8

1080, 1086 (Fed. Cir. 1993). Sheppard argues that this case mirrors Hazel-Atlas Glass Co. v. Hartford-Empire Co., a case in which the Supreme Court found fraud upon the court, but Hazel-Atlas involved "a deliberately planned and carefully executed scheme to defraud not only the Patent Office but the Circuit Court of Appeals." 322 U.S. 238, 245 (1944). Sheppard does not allege that Marshak submitted fraudulent evidence to this Court and thus does not allege that there was a "'trail of fraud' from the PTO into the [Court]." See Broyhill, 12 F.3d at 1086-87 (quoting Hazel-Atlas, 322 U.S. at 250). The issue of Faye Treadwell's rights to the Mark was in fact aired before the Court and Sheppard points to no fraud on the Court.

Additionally, Sheppard's fraud on the court argument is a thinly veiled attempt to reargue the defense he raised before this Court more than thirty years ago – that Marshak obtained the Mark by fraud. "However, a party may not use a Rule 60 motion as a means to relitigate a case." Ptak Bros. Jewelry v. Ptak, No. 06cv13732, 2011 WL 253424, at *3 (S.D.N.Y. Jan. 25, 2011); see also Sieck v. Russo, 869 F.2d 131, 135 (2d Cir. 1989) (affirming the denial of a Rule 60 motion where accusations of fraud "relate[d] to the underlying cause of action and in no way [rose] to the level of a fraud upon the court"). Accordingly, Sheppard's Rule 60(d)(3) theory fails.

## CONCLUSION

The Court has considered all the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, Sheppard's motion to vacate the injunction issued by this Court on August 26, 1987 is **denied**. The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

Dated:  New York, New York
        May 23, 2019

_____
John G. Koeltl
**United States District Judge**